**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINBIN LEI, | No. 17-55571 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-09654-FMO-PJW |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; L. FRANCIS CISSNA, Director, USCIS; TRACY RENAUD, Acting Deputy Director, USCIS; USCIS IMMIGRANT INVESTOR PROGRAM OFFICE IPO; NICHOLAS COLUCCI, Chief, IPO; DONALD NEUFELD, Associate Director, Service Center Operations of USCIS; USCIS ADMINISTRATIVE APPEALS OFFICE AAO; BARBARA VELARDE, Chief, AAO; KIRSTJEN M. NIELSEN, Secretary of the Department of Homeland Security, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 10, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,** District Judge.

Binbin Lei, a citizen of China, appeals the district court's judgment in favor of the United States Citizenship & Immigration Service ("USCIS") in her action under the Administrative Procedure Act ("APA").  She claims that the government wrongfully denied her I-526 petition filed in support of her EB-5 visa.  A foreign citizen may apply for an EB-5 visa and receive lawful permanent residence if the foreign citizen invests at least $500,000 in a "targeted employment area."  8 C.F.R. § 204.6(f)(2).  Applicants are required to file an I-526 petition seeking approval of their investment and submit evidence to show the capital was "obtained through lawful means."  8 C.F.R. § 204.6(a), (j)(3).

Lei claimed her invested funds were lawfully obtained from her husband. The discrepancies and inconsistencies in Lei's documents, however, included missing transactions and differing bank letterheads.  These discrepancies reasonably led USCIS to conclude that Lei failed to meet her burden to establish by a preponderance of the evidence that the funds for her investment were derived

---

** The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

2

from a lawful source. *See* 8 U.S.C § 1361; *Matter of Chawathe,* 25 I. & N. Dec. 369, 374–76 (AAO 2010) (the burden of proof rests solely on the alien investor to establish by a preponderance of the evidence that she is fully qualified for the benefit sought).

After a de novo review, the USCIS Administrative Appeals Office denied Ms. Lei's petition, and added the related reason that Ms. Lei failed to demonstrate the "complete path" of her funds.

On appeal, counsel for Lei argues in effect that this Court must re-examine the evidence and make a de novo determination that Lei met her burden to show that the funds were obtained from a lawful source. Not so. Instead, we review only for abuse of discretion, or in the APA's terms, to determine whether the decision was arbitrary, capricious, . . . or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A); *Fence Creek Cattle Co. v. U.S. Forest Service,* 602 F.3d 1125, 1132 (9th Cir. 2010). We agree with the district court that the USCIS denial was fully supported by the record and applicable regulations, and hence was not arbitrary, capricious, or otherwise not in accordance with law.

**AFFIRMED**.